UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENRIQUE HUAPAYA,<br><br>    Plaintiff,<br><br>    v.<br><br>D. DAVEY, et al.,<br><br>    Defendants. | Case No.: 1:17-cv-01441-SAB (PC)<br><br>SCREENING ORDER GRANTING PLAINTIFF LEAVE TO FILE AMENDED COMPLAINT<br><br>[ECF No. 1] |

Plaintiff Enrique Huapaya is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's complaint, filed October 26, 2017.

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

///

///

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. at 676-677; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-1021 (9th Cir. 2010).

Prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, but the pleading standard is now higher, Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted), and to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.
## COMPLAINT ALLEGATIONS

Plaintiff names Warden D. Davey and officer K. Witt as Defendants.

Plaintiff, as a Muslim, is being prevented from attending religious services, and Plaintiff seeks monetary damages as a result.

## III.
## DISCUSSION

**A.    Linkage Under Section 1983**

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). "Section 1983 is not itself a source of substantive rights,

but merely provides a method for vindicating federal rights elsewhere conferred." Crowley v. Nevada ex rel. Nevada Sec'y of State, 678 F.3d 730, 734 (9th Cir. 2012) (citing Graham v. Connor, 490 U.S. 386, 393-94 (1989)) (internal quotation marks omitted). To state a claim, Plaintiff must allege facts demonstrating the existence of a link, or causal connection, between each defendant's actions or omissions and a violation of his federal rights. Lemire v. California Dep't of Corr. and Rehab., 726 F.3d 1062, 1074-75 (9th Cir. 2013); Starr v. Baca, 652 F.3d 1202, 1205-08 (9th Cir. 2011).

### B. Free Exercise of Religion and Religious Land Use and Institutionalized Persons Act of 2000

"[P]risoners retain the protections of the First Amendment" but their "right to freely exercise [their] religion is limited by institutional objectives and by the loss of freedom concomitant with incarceration." Hartmann v. California Dep't of Corr. & Rehab., 707 F.3d 1114, 1122 (9th Cir. 2013) (citing O'Lone v. Estate of Shabazz, 482 U.S. 342, 348 (1997)). The protections of the Free Exercise Clause are triggered when prison officials substantially burden the practice of an inmate's religion by preventing him from engaging in conduct which he sincerely believes is consistent with his faith, but an impingement on an inmate's constitutional rights will be upheld "'if it is reasonably related to legitimate penological interests.'" Shakur v. Schriro, 514 F.3d 878, 884-85 (9th Cir. 2008) (quoting Turner v. Safley, 482 U.S. 78, 89 (1987)).

The Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA") provides:

> No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution. . . , even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person–
> (1) is in furtherance of a compelling government interest; and
> (2) is the least restrictive means of furthering that compelling government interest.

42 U.S.C. § 2000cc-1. Plaintiff bears the initial burden of demonstrating that defendants substantially burdened the exercise of his religious beliefs. Warsoldier v. Woodford, 418 F.3d 989, 994-95 (9th Cir. 2005). If plaintiff meets his burden, defendants must demonstrate that "any substantial burden of [plaintiff's] exercise of his religious beliefs is *both* in furtherance of a compelling governmental interest *and* the least restrictive means of furthering that compelling governmental interest." Id.

(emphasis in original). "RLUIPA is to be construed broadly in favor of protecting an inmate's right to exercise his religious beliefs." Id.

Plaintiff has failed to allege facts to show that any Defendant took action which substantially burden the practice of his "sincerely" held religious beliefs. Absent an allegation that Plaintiff's religion was substantially burdened without a legitimate penological interest, Plaintiff's complaint fails to state a cognizable claim under the First Amendment or RLUIPA.

## III.

## CONCLUSION AND ORDER

For the reasons discussed, Plaintiff shall be granted leave to file an amended complaint to cure the deficiencies identified in this order. See Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 678-79. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted). Further, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George, 507 F.3d at 607 (no "buckshot" complaints). Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. Lacey v. Maricopa Cnty., 693 F.3d 896, 927 (9th Cir. 2012). Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;
2. Within thirty (30) days from the date of service of this order, Plaintiff shall file an amended complaint;
3. Plaintiff's amended complaint shall not exceed twenty-five (25) pages in length;

///
///
///
///

4

4. If Plaintiff fails to file an amended complaint in compliance with this order, the Court will recommend to a district judge that this action be dismissed consistent with the reasons stated in above.

IT IS SO ORDERED.

Dated: __**December 1, 2017**__

_____
UNITED STATES MAGISTRATE JUDGE