UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENRIQUE HUAPAYA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>D. DAVEY, et al.,<br><br>　　　　　Defendants. | Case No. 1:17-cv-01441-DAD-SAB (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING CERTAIN CLAIMS BE DISMISSED FOR FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF<br><br>[ECF No. 21] |

Plaintiff Enrique Huapaya is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's second amended complaint, filed May 17, 2018.

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[]

1

monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## COMPLAINT ALLEGATIONS

Plaintiff names correctional officers, Pisciotta, K. Witt, Satterfield, Ratcliff, and Pauk, as Defendants.

On January 8, 2016, Defendant Pisciotta denied Plaintiff from attending Jumah services, despite the fact that Plaintiff had a proper assignment ducat to attend the religious services. Plaintiff is a White male and is Muslim. Jumah services are Muslim services and those services are usually comprised of all African American inmates. Plaintiff believes that Pisciotta denied him access to the Jumah services because of Plaintiff's race. Pisciotta became verbally aggressive when Plaintiff communicated the Department Operational Procedure relevant to religious services. Based on Defendant Pisciotta's statement and demeanor Plaintiff believed he intended to physically harm him. Pisciotta stated in a loud threatening voice, "I don't give a (expletive) what the DOM says, you're not

2

coming in these gates!" "Besides you're WHITE anyway so how are you even Muslim?" Plaintiff views the act of Pisciotta as an equal protection violation.

On January 29, 2016, Plaintiff was again attempting to gain access to Jumah services but he was ordered to stop by Defendant Witt for physical inspection. Witt inspected Plaintiff and stated, "Pull up your pants you're not Black!" Plaintiff complied with the order but felt humiliated. Defendant Witt then stated, "Wow cool teeth too, confused?" "You're not Black dude … sagging with gold teeth and you think you're Muslim! You're not Black! You're White due!" Plaintiff ignored Witt's comments and attempted to enter the gate to go to Jumah services, but Witt stated, "Where are [you] going?" Plaintiff responded "to Jumah services." Witt stated, "not without boot White boy!" Plaintiff quoted the DOM and informed Defendant Witt of the procedural standards and the pending grievance he filed regarding Defendant Pisciotta. Defendant Witt stated, "I don't give a (expletive) what the DOM or the (expletive) lieutenant says, you wanna be a terrorist, get your (expletive) boots or you ain't coming on my Plaza!" Plaintiff believes Defendant Witt's actions violate his equal protection rights, retaliation, and the Bane Act.

On March 3, 2016, Defendants Satterfield and Pauk stopped Plaintiff and strip-searched him in front of many other inmates and staff, stating they were performing a "tattoo check." However, the search was only conducted on Plaintiff. The retaliatory statements made by Defendants Sattterfield and Pauk indicated that the retaliatory actions would increase if Plaintiff did not drop his grievances against Defendants Witt and Satterfield. Defendant Satterfield stated, "it only gets worse!"

On March 27, 2016, Plaintiff was asked by Defendant Ratcliff about the grievance he filed against the other Defendants. When Plaintiff refused to discuss the grievances, Defendant Ratcliff conducted a retaliatory search of Plaintiff's living quarters.

Plaintiff seeks monetary damages as relief.

### III.
### DISCUSSION

**A.    Free Exercise of Religion**

"[P]risoners retain the protections of the First Amendment" but their "right to freely exercise [their] religion is limited by institutional objectives and by the loss of freedom concomitant with

3

incarceration." Hartmann v. California Dep't of Corr. & Rehab., 707 F.3d 1114, 1122 (9th Cir. 2013) (citing O'Lone v. Estate of Shabazz, 482 U.S. 342, 348 (1997)). The protections of the Free Exercise Clause are triggered when prison officials substantially burden the practice of an inmate's religion by preventing him from engaging in conduct which he sincerely believes is consistent with his faith, but an impingement on an inmate's constitutional rights will be upheld "'if it is reasonably related to legitimate penological interests.'" Shakur v. Schriro, 514 F.3d 878, 884-85 (9th Cir. 2008) (quoting Turner v. Safley, 482 U.S. 78, 89 (1987)).

Plaintiff fails to state a claim under the Free Exercise Clause of the First Amendment. Plaintiff has failed to allege that a substantial burden was placed on the practice of his religion. The mere fact that Defendants allegedly did not allow Plaintiff to enter the yard for religious services on one occasion, i.e. January 8, 2016 and January 29, 2016, respectively, does not constitute a substantial burden. See, e.g., Canell v. Lightner, 143 F.3d 1210, 1215 (9th Cir. 1998) (intrusions which are "relatively short-term and sporadic" do not constitute a substantial burden). Accordingly, Plaintiff fails to state a cognizable claim under the Free Exercise Clause of the First Amendment.

**B.     Religious Land**

Section 3 of the RLUIPA provides that "[n]o government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution, unless the burden furthers a compelling governmental interest, and does so by the least restrictive means." Cutter v. Wilkinson, 544 U.S. 709, 712 (2005) (internal punctuation omitted) (quoting 42 U.S.C. § 2000cc-1(a)(1)-(2)). The Religious Land Use and Institutionalized Persons Act of 2000 (RLUIPA) prohibits prison officials from substantially burdening a prisoner's "'religious exercise unless the burden furthers a compelling governmental interest and does so by the least restrictive means.'" Alvarez v. Hill, 518 F.3d 1152, 1156 (9th Cir. 2009) (quoting Warsoldier v. Woodford, 418 F.3d 989, 997-98 (9th Cir. 2005)). A prisoner's request for an accommodation must be sincerely based on a religious belief and not some other motivation. Holt v. Hobbs, __ U.S. __, 135 S.Ct. 853, 862 (2015). Monetary damages are not available under the RLUIPA against prison officials in either their individual capacity, Wood v. Yordy, 753 F.3d 899, 904 (9th Cir. 2014); nor in their official capacity because of sovereign immunity, Sossamon v. Texas, 503 U.S. 277, 293 (2011).

Plaintiff fails to state a cognizable RLUIPA claim for the same reasons explained above in section A. Plaintiff is further advised that he cannot seek monetary damages under the RLUIPA.

**C.     Retaliation**

"Prisoners have a First Amendment right to file grievances against prison officials and to be free from retaliation for doing so." Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012) (citing Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009)). Also protected by the First Amendment is the right to pursue civil rights litigation in federal court without retaliation. Silva v. Di Vittorio, 658 F.3d 1090, 1104 (9th Cir. 2011). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).

Plaintiff states a cognizable retaliation claim against Defendants Witt, Satterfield, Pauk and Ratcliff.

**D.     California Bane Act**

Plaintiff alleges a claim for relief under section 52.1 of the California Civil Code, known as the Bane Act, which authorizes a claim for relief "against anyone who interferes, or tries to do so, by threats, intimidation, or coercion, with an individual's exercise or enjoyment of rights secured by federal or state law." Jones v. Kmart Corp., 17 Cal.4th 329, 331 (1998). A claim under section 52.1 requires "an attempted or completed act of interference with a legal right, accompanied by coercion." Jones, 17 Cal.4th at 334; accord Venegas v. Cnty. of Los Angeles, 32 Cal.4th 820, 843 (Cal. 2004); Austin B. v. Escondido Union Sch. Dist., 57 Cal.Rptr.3d 454, 471-72 (Cal. Ct. App. 2007); McCue v. South Fork Union Elementary Sch., 766 F.Supp.2d 1003, 1010-11 (E.D. Cal. 2011) (defining threats and finding complaint failed to state section 52.1 claim); Fenters v. Yosemite Chevron, 761 F.Supp.2d 957, 996-98 (E.D. Cal. 2010) (discussing definition of threats, intimidation, and coercion within meaning of section 52.1). The essence of a Bane Act claim is that a defendant, through threats, intimidation, or coercion, tried to or did prevent the plaintiff from doing something that he had the

right to do under the law or to force the plaintiff to do something that he was not required to do under the law. Austin B., 57 Cal.Rptr.3d at 472 (quotation marks omitted).

Plaintiff states a cognizable claim against Defendants Witt, Satterfield, Pauk and Ratcliff under the Banes Act.

### E. Equal Protection Clause

The Equal Protection Clause requires that persons who are similarly situated be treated alike. City of Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439 (1985); Hartmann v. California Dep't of Corr. & Rehab., 707 F.3d 1114, 1123 (9th Cir. 2013); Furnace v. Sullivan, 705 F.3d 1021, 1030 (9th Cir. 2013); Shakur v. Schriro, 514 F.3d 878, 891 (9th Cir. 2008). An equal protection claim may be established by showing that Defendants intentionally discriminated against Plaintiff based on his membership in a protected class, Hartmann, 707 F.3d at 1123; Furnace, 705 F.3d at 1030; Comm. Concerning Cmty. Improvement v. City of Modesto, 583 F.3d 690, 702-03 (9th Cir. 2009); Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir. 2003); Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001), or that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose, Engquist v. Oregon Department of Agriculture, 553 U.S. 591, 601-02 (2008); Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000); Lazy Y Ranch Ltd. v. Behrens, 546 F.3d 580, 592 (9th Cir. 2008); North Pacifica LLC v. City of Pacifica, 526 F.3d 478, 486 (9th Cir. 2008).

Based on a liberal construction of Plaintiff's allegations, Plaintiff states a cognizable equal protection claim against Defendants Pisciotta and Witt for denial of access to Jumah services because of his race.

## IV.

## CONCLUSION AND RECOMMENDATIONS

For the reasons stated herein, Plaintiff states a cognizable retaliation and California Bane Act claim against Defendants Witt, Satterfield, Pauk and Ratcliff, and a cognizable equal protection violation against Defendants Pisciotta and Witt. However, Plaintiff fails to state any other cognizable claims for relief. Plaintiff was previously notified of the deficiencies as to these claims, and based on the allegations in the present complaint, as well as Plaintiff's previous complaints, the Court is

persuaded that Plaintiff is unable to allege any additional facts that would support a claim for relief under § 1983, and further amendment would be futile. See Hartman v. CDCR, 707 F.3d 1114, 1130 (9th Cir. 2013) ("A district court may deny leave to amend when amendment would be futile.")

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. This action proceed on Plaintiff's retaliation and California Bane Act claims against Defendants Witt, Satterfield, Pauk and Ratcliff, and on Plaintiff equal protection claim against Defendants Pisciotta and Witt; and

2. All other claims be dismissed from the action for failure to state a cognizable claim for relief.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **June 6, 2018**

UNITED STATES MAGISTRATE JUDGE