UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENRIQUE HUAPAYA,<br><br>  Plaintiff,<br><br>  v.<br><br>D. DAVEY, et al.,<br><br>  Defendants. | No. 1:17-cv-01441-DAD-SAB (PC)<br><br>ORDER TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE DISMISSED FOR FAILURE TO PROSECUTE |

Plaintiff Enrique Huapaya is proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. This case is currently scheduled for a telephonic trial confirmation hearing on December 14, 2020, and for jury trial on February 17, 2021, before the undersigned.

On January 3, 2020, the court issued a second scheduling order, which required plaintiff to file a pretrial statement by October 14, 2020. (Doc. No. 57.) That deadline has passed, and plaintiff has not filed his pretrial statement as required, nor has plaintiff otherwise communicated with the court since he filed a motion for appointment of counsel that was received on June 22, 2020 and was denied by the assigned magistrate judge. (Doc. Nos. 63, 64.)

The court may impose sanctions, including dismissal of an action, due to a plaintiff's failure to comply with a court order. In determining whether to dismiss this action for failure to comply with the directives set forth in its order, "the Court must weigh the following factors: (1)

the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992)).

At this stage in the litigation, the court finds it appropriate to provide plaintiff with an additional opportunity to proceed with this action. Accordingly, the court directs plaintiff Huapaya to **file a written response within fourteen (14) days of service of this order** showing cause why this case should not be dismissed due to his failure to comply with the court's prior orders and failure to prosecute this action. In response to this order, plaintiff should either: (1) file a pretrial statement, as described in the court's second scheduling order (*see* Doc. No. 57); or (2) explain why the court should grant him an extension of time in which to file his pretrial statement. Any failure on plaintiff's part to comply with this order will likely result in the dismissal of this action.

For the reasons set forth above,

1. The Clerk of the Court is directed to serve this order, accompanied by a copy of the court's second scheduling order (Doc. No. 57), on plaintiff; and
2. Plaintiff Huapaya shall file a written response to this order within fourteen (14) days of service of this order.

IT IS SO ORDERED.

Dated:   **November 17, 2020**

_____
UNITED STATES DISTRICT JUDGE

2